IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-163-BO

| | | |
|---|---|---|
| TIMOTHY FRANKLIN FOWLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the plaintiff's motion for judgment on the pleadings and defendant's motion for remand. [DE 27, 33]. A hearing on this matter was held in Raleigh, North Carolina on August 28, 2014. The Commissioner appeared via video feed at this hearing. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act on March 27, 2008, alleging disability beginning on April 16, 2005. The Social Security Administration denied plaintiff's application initially and upon reconsideration. On August 4, 2010, Plaintiff appeared and testified before an Administrative Law Judge (ALJ), who subsequently denied his application. The Appeals Council denied Mr. Fowler's request for review and the ALJ's decision became the final decision of the Commissioner on August 23, 2011. Plaintiff sought judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on November 23, 2011, and the Commissioner moved for a remand, which was granted

1

by the Court. While that case was pending, plaintiff filed a second application for benefits, which the Commission granted with a disability start date of August 28, 2010.

On rehearing of the first case, the ALJ denied benefits for the period from April 17, 2005, through August 27, 2010. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff suffers neck and back pain stemming from a 2005 work injury. [Tr. 426–27]. A neck MRI following his injury showed disc disease at C5-6, C6-7, and C7-T1, herniations at each level, nerve impingement, and multiple level bilateral neural foraminal encroachment. [*Id.*]. A lumbar spine MRI in 2006 showed disc bulges at L3-L4, central canal stenosis resulting from disc disease, and displacement of the L4 nerve root. [Tr. 428]. Mr. Fowler was evaluated by pain management specialist Dr. Michael McCaffrey, who opined he had neck pain, low back pain, and headaches, and began treatment with Lidoderm patches. [Tr. 209–13]. Dr. McCaffrey referred plaintiff to Dr. Patrick Boylan for spinal injections. [Tr. 410]. After four months, Dr. Boylan declared that Mr. Fowler was nearing maximum medical improvement, though he still reported average pain levels of six-out-of-ten. [Tr. 424]. Plaintiff then began treatment with Dr. Jason Rosenberg, who treated Mr. Fowler with radiofrequency ablations, steroid injections, and a branch block. [Tr. 464, 476]. After four months of treatment, doctors implanted a spinal cord stimulator in April 2008, which initially helped Mr. Fowler's right leg pain, but did not immediately help his lower back pain. [Tr. 333]. Plaintiff continued to have pain in his neck, which was treated with repeat ablation surgery by Dr. Rosenberg and an occipital nerve block by Dr. McCaffrey. [Tr. 337–38]. Psychological evaluations between 2007 and 2010 resulted in

2

diagnoses of Major Depressive Disorder, Panic Disorder; and Cognitive Disorder Not Otherwise Specified, and assigned him a Global Assessment of Functioning (GAF) score of 30. [Tr. 434, 505, 511].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past

3

relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. [Tr. 21]. Mr. Fowler's neck and back pain qualified as severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. [Tr. 21–24]. After finding plaintiff's statements not entirely credible, the ALJ concluded plaintiff could perform a reduced range of light work. [Tr. 24–27]. The ALJ found that Mr. Fowler could not return to his past relevant work, but that, considering his age, education, work experience, and RFC there were other jobs that exist in significant numbers in the national economy that he could perform. [Tr. 28–29]. Thus, the ALJ determined that Mr. Fowler was not disabled, as of the date of his opinion.

The ALJ's decision in this case is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v Bowen*, 829 F.2d. 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR. 96-2p. Length of treatment relationship and frequency of examinations strengthens a treating physician's opinion. 20 C.F.R. § 414.1527d(d)(i)).

4

When formulating plaintiff's RFC, the ALJ found that plaintiff's testimony was only partially credible and that his neck and back conditions had improved with treatment. [Tr. 26]. This conclusion is not supported by the record. Plaintiff's treating physician, Dr. McCaffrey noted in April 2010, that despite treatment, Mr. Fowler experienced "only minimal improvement." [Tr. 500–01]. Dr. McCaffrey saw plaintiff more than 25 times, gave him injections, referred him to multiple specialists, and coordinated with plaintiff's primary care physician, Dr. Henry Traylor. Both Drs. McCaffrey and Traylor, as well as psychiatrist Dr. Goldschmidt, opined that Mr. Fowler could not perform activity in a regular, continuous, and sustained manner. [Tr. 770–74, 800, 782–94].

The ALJ did not give the opinion of Mr. Fowler's numerous treating physicians appropriate weight. Their opinions are consistent with the record evidence and greatly bolster plaintiff's credibility regarding his limitations. The vocational expert in this matter testified that with the limitations posited by Mr. Fowler and his physicians, he would not be able to perform any of the jobs upon which the ALJ based his finding at step five. [Tr. 57]. Moreover, there is neither an examining physician nor a reviewing physician whose opinion conflicts with the opinion of the treating physicians.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal

5

standard and when reopening the record for more evidence would serve no purpose." *Brenden v Weinberger*, 493 F.2d 1002, 1002 (4th Cir. 1974).

The Court, in its discretion, finds that reversal and remand for an award of benefits is appropriate in this instance, as the ALJ clearly explained the basis for his decision, and the Commission subsequently determined that Mr. Fowler was disabled with an established onset date of August 28, 2010, because it was the "most favorable onset day after [the first] ALJ decision." [Tr. 797–98]. In light of the voluminous record on this matter, there is no benefit to be gained from reopening the record and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED, and defendant's motion for remand [DE 33] is DENIED. The decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This 5 day of September, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE