IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-163-BO

TIMOTHY FRANKLIN FOWLER, )
    Plaintiff, )
 )
v. )
 ) **ORDER**
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
    Defendant. )
_____ )

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 48]. For the reasons stated herein, counsel's motion is GRANTED but the total fee awarded is REDUCED.

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past due benefits paid to the plaintiff. This Court reviews the requested fee for reasonableness, and may reduce the fee if, for example, the attorney is responsible for a delay in the proceedings or the award would amount to a windfall to counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

Plaintiff received $108,792 in past-due benefits and, in his second amended motion for attorney's fees, counsel requests $21,198.88 in fees. [DE 48]. Counsel represents that he spent thirty-one hours and forty minutes working on plaintiff's case in this Court. Counsel has also presented a contingency fee agreement signed by plaintiff stating that counsel would receive twenty-five percent of any past-due award received by plaintiff. Counsel has been awarded $6,006.94 in fees under the Equal Access to Justice Act (EAJA).

While the contingency fee agreement is afforded significant weight, the Court must still consider whether the amount provided for is reasonable. This was a straightforward social security claim, and the past-due benefits are large when compared to the amount of time counsel spent on this case. *Gisbrecht,* 535 U.S. at 808. In light of the foregoing, the Court finds that an award of the full twenty-five percent of the past due award would be unreasonable and would amount to a windfall in this instance. The Court finds that under the circumstances of this case an award of $16,006.94 in fees is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED, but the award is reduced to $16,006.94. Counsel shall reimburse to plaintiff the $6,006.94 EAJA award as it is the lesser of the two awards.

SO ORDERED.

This ⟋ day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE